Garcia v Grayco Corp. of Upstate N.Y. (2019 NY Slip Op 05646)





Garcia v Grayco Corp. of Upstate N.Y.


2019 NY Slip Op 05646


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-07852
 (Index No. 5198/15)

[*1]Eda M. Garcia, respondent, 
v
Grayco Corp. of Upstate New York, et al., defendants, Grayco Corp., appellant.


Gennet Kallmann Antin Sweetman & Nichols, P.C., New York, NY (Carol G. Morokoff and Donald G. Sweetman of counsel), for appellant.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Grayco Corp. appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 19, 2018. The order, insofar as appealed from, denied that branch of the motion of the defendants Grayco Corp., Bernard Silverstein, and David Gross which was for summary judgment dismissing the complaint insofar as asserted against the defendant Grayco Corp.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her when she slipped and fell on ice on the sidewalk in front of property owned by the defendant Grayco Corp. Grayco Corp., among others, moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff could not establish that she fell on the sidewalk abutting its property.
We agree with the Supreme Court that Grayco Corp. failed to meet its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law through evidence in admissible form, sufficient to eliminate any triable issues of fact (see Zuckerman v City of New York , 49 NY2d 557, 562). Accordingly, we agree with the court's determination to deny the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr ., 64 NY2d 851, 853).
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court